AO 91 (Rev. 08/09) Criminal Complaint

*File Under Seal*

**SEALED BY** **ORDER** **OF COURT**

## UNITED STATES DISTRICT COURT
### for the
### Northern District of California

FILED

2010 MAY 19 P 3: 31

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA-SAN JOSE

| | |
|---|---|
| United States of America | |
| v. | |
| PETER ALFRED ADEKEYE | |
| | |
| *Defendant(s)* | |

**10-70412 HRL**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 2, 2007 at 13:22:46 PST___ in the county of ___Santa Clara___ in the ___Northern___ District of ___California___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count One: | 18 U.S.C.Section 1030()(2)(C) and (c)(2)(B)(i), in that he intentionally accessed the protected computer system owned and operated by Cisco Systems, without authorization for the purposes of commerical advantage. |
| Counts Two through Ninety Seven: | (See Attached Sheets) |
| MAXIMUM PENALTIES: | Up to 10 Years Imprisonment, $250,000 Fine, 3 Years Supervised Release; $100 Special Assessment |
| REQUESTED PROCESS/BAIL: | NO BAIL WARRANT (GOVERNMENT WILL REQUEST DETENTION) |

This criminal complaint is based on these facts:

See Attached Affidavit In Support of Complaint by Special Agent Katie Pierce, United States Secret Service.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

___Katie Pierce, Special Agent, U.S. Secret Service___
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___5/19/10___

_____
*Judge's signature*

City and state: ___San Jose, California___

___Hon. Howard R. Lloyd___
*Printed name and title*

DOCUMENT NO. | CSA's INITIALS

DISTRICT COURT
CRIMINAL CASE PROCESSING

**ATTACHED SHEET TO CRIMINAL COMPLAINT**
**FOR PETER ALFRED ADEKEYE**

**COUNTS TWO THROUGH NINETY-SEVEN**

Count 2:     On March 27, 2007 at 17:46:49 PST, in Santa Clara County, in the Northern
District of California, defendant PETER ALFRED ADEKEYE, accessed the
protected computer system owned and operated by Cisco System, Inc., using the
log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 3:     On April 26, 2007 at 11:40:04 PST, in Santa Clara County, in the Northern
District of California, defendant PETER ALFRED ADEKEYE, accessed the
protected computer system owned and operated by Cisco System, Inc., using the
log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation
of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 4:     On June 15, 2007 at 10:20:32 PST, in Santa Clara County, in the Northern District
of California, defendant PETER ALFRED ADEKEYE, accessed the protected
computer system owned and operated by Cisco System, Inc., using the log-in
credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18
U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 5:     On July 18, 2007 at 15:47:32 PST, in Santa Clara County, in the Northern District
of California, defendant PETER ALFRED ADEKEYE, accessed the protected
computer system owned and operated by Cisco System, Inc., using the log-in
credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18
U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 6:     On December 8, 2006 at 13:55:42 PST, in Santa Clara County, in the Northern
District of California, defendant PETER ALFRED ADEKEYE, accessed the
protected computer system owned and operated by Cisco System, Inc., using the
log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation
of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 7:     On December 8, 2006 at 14:50:31 PST, in Santa Clara County, in the Northern
District of California, defendant PETER ALFRED ADEKEYE, accessed the
protected computer system owned and operated by Cisco System, Inc., using the
log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation
of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 8:       On December 12, 2006 at 08:32:13 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
               18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 9:       On December 12, 2006 at 108:43:58 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
               18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 10:      On December 12, 2006 at 08:48:15 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson,  for commercial advantage, in violation
               of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 11:      On December 12, 2006 at 08:54:38 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
               18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 12:      On December 12, 2006 at 08:56:59 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
               18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 13:      On December 15, 2006 at 09:53:50 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
               18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 14:      On February 4, 2007 at 22:53:33 PST, in Santa Clara County, in the Northern
               District of California, defendant PETER ALFRED ADEKEYE, accessed the
               protected computer system owned and operated by Cisco System, Inc., using the
               log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of
               18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 15:     On February 4, 2007 at 23:39:53 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 16:     On February 22, 2007 at 00:03:51 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 17:     On February 22, 2007 at 01:05:07 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 18:     On March 24, 2007 at 22:16:15 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 19:     On April 1, 2007 at 20:14:55 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 20:     On September 2, 2005 at 17:43:40 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 21:     On September 6, 2005 at 18:58:14 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

3

Count 22:    On September 7, 2005 at 13:38:25 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 23:    On September 21, 2005 at 22:04:28 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 24:    On September 26, 2005 at 22:07:53 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 25:    On September 27, 2005 at 00:20:21 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 26:    On October 5, 2005 at 01:03:10 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 27:    On October 13, 2005 at 20:00:59 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 28:    On October 27, 2005 at 23:49:35 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 29:    On October 28, 2005 at 00:42:17 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 30:    On November 3, 2005 at 13:26:15 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 31:    On November 7, 2005 at 01:20:40 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 32:    On November 10, 2005 at 11:49:15 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 33:    On November 15, 2005 at 11:23:18 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 34:    On November 15, 2005 at 20:00:02 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 35:    On December 2, 2005 at 20:27:33 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 36:   On December 7, 2005 at 15:06:27 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 37:   On December 7, 2005 at 15:56:18 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 38:   On December 11, 2005 at 14:40:47 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 39:   On December 11, 2005 at 20:27:04 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 40:   On January 10, 2006 at 16:41:31 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 41:   On January 10, 2006 at 18:51:57 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson,  in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 42:   On January 11, 2006 at 23:50:50 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 43:     On February 7, 2006 at 18:52:58 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 44:     On February 9, 2006 at 19:54:46 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 45:     On February 15, 2006 at 16:08:05 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 46:     On arch 10, 2006 at 17:56:39 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 47:     On March 15, 2006 at 16:26:18 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 48:     On March 15, 2006 at 16:37:06 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 49:     On April 6, 2006 at 14:29:06 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 50:     On May 11, 2006 at 21:52:17 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 51:     On May 11, 2006 at 21:53:16 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 52:     On May 11, 2006 at 21:53:37 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 53:     On May 22, 2006 at 15:24:10 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 54:     On May 22, 2006 at 15:24:37 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 55:     On June 8, 2006 at 20:21:10 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 56:     On June 23, 2006 at 12:26:43 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 57:    On August 1, 2006 at 15:48:02 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 58:    On August 7, 2006 at 09:24:35 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 59:    On August 7, 2006 at 10:31:24 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 60:    On August 7, 2006 at 13:32:47 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 61:    On August 7, 2006 at 14:52:18 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 62:    On August 7, 2006 at 16:02:37 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 63:    On August 8, 2006 at 10:01:35 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 64:      On August 8, 2006 at 11:01:13 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 65:      On August 17, 2006 at 11:23:23 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 66:      On August 17, 2006 at 15:18:03 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 67:      On August 17, 2006 at 15:21:16 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 68:      On August 17, 2006 at 15:27:12 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 69:      On August 17, 2006 at 19:50:27 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 70:      On August 17, 2006 at 21:34:32 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 71:     On August 18, 2006 at 19:11:45 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 72:     On August 19, 2006 at 17:26:57 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 73:     On August 22, 2006 at 10:11:29 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson,  in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 74:     On September 6, 2006 at 10:48:04 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 75:     On September 6, 2006 at 12:32:50 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 76:     On October 3, 2006 at 12:09:43 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 77:     On October 11, 2006 at 18:36:10 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 78:     On October 11, 2006 at 18:41:07 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 79:     On October 11, 2006 at 19:32:12 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 80:     On March 21, 2007 at 21:56:00 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 81:     On March 27, 2007 at 01:14:22 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 82:     On February 14, 2007 at 13:13:10 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 83:     On February 26, 2007 at 12:26:12 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 84:     On February 26, 2007 at 14:04:30 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 85:     On February 26, 2007 at 15:57:51 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 86:     On February 26, 2007 at 17:06:40 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 87:     On February 27, 2007 at 11:08:56 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 88:     On February 27, 2007 at 12:09:50 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson,  for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 89:     On February 27, 2007 at 14:18:19 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 90:     On February 27, 2007 at 15:15:31 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 91:     On March 13, 2007 at 19:24:22 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(I).

Count 92:       On March 15, 2007 at 17:18:52 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 93:       On March 19, 2007 at 18:47:02 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 94:       On May 2, 2007 at 13:35:08 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 95:       On May 2, 2007 at 13:35:08 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 96:       On July 3, 2007 at 16:42:42 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

Count 97:       On July 20, 2007 at 14:59:58 PST, in Santa Clara County, in the Northern District of California, defendant PETER ALFRED ADEKEYE, accessed the protected computer system owned and operated by Cisco System, Inc., using the log-in credentials of Kent "Wes" Olson, for commercial advantage, in violation of 18 U.S.C. Section 1030(a)(2)(C) and (c)(2)(B)(i).

14

AFFIDAVIT OF SPECIAL AGENT KATHERINE PIERCE
IN SUPPORT OF COMPLAINT AND ARREST WARRANT FOR
PETER ALFRED ADEKEYE

I, Katherine Pierce, Special Agent of the United States Secret, being duly sworn, depose and state as follows:

1.     I am a Special Agent with the United States Secret Service ("USSS") and have been so employed since November of 2006. I am currently assigned to the San Francisco Field Office as a member of the Electronic Crimes Squad.  As part of my duties, I investigate offenses involving fraud and related activity in connection with unauthorized intrusions and computers.  I have received extensive training at the Federal Law Enforcement Training Center in Glynco, Georgia and at the U.S. Secret Service Training Academy, James J. Rowley Training Center, in Beltsville, MD.  In addition, I have been trained specifically as a Network Intrusion Investigator.  As a Special Agent with the USSS, I have experience and have participated in numerous criminal investigations relating to computer fraud, computer intrusions, identity theft, access device fraud, bank fraud, wire fraud, and conspiracy.

2.     <u>Introduction</u>
As a result of an internal investigation, Cisco Systems, Inc. and Cisco Technology, Inc. ("Cisco") became aware of a series of unauthorized intrusions into its secure computer network by an individual or individuals masquerading as a Cisco employee. This investigation led to the discovery that Peter Alfred Adekeye, a former Cisco employee and the owner of  Multiven, Inc., a company that was founded two months *before* Adekeye separated from Cisco, had used a Cisco employee's password to gain unauthorized access to Cisco's computer systems. These unauthorized intrusions began shortly after Adekeye separated from Cisco, and continued for nearly two years thereafter. During this two year period, Adekeye and Multiven unlawfully accessed secure and restricted portions of Cisco's computer systems on multiple separate occasions. In so doing, Adekeye accessed and viewed confidential and proprietary information regarding Cisco's products, services, and operations. More importantly, Adekeye also used the unauthorized accesses to download Cisco's propriety and copyrighted software.  It is apparent that Adekeye's conduct was intentional and had no legitimate purpose other than for commercial advantage and/or  personal financial gain.  Adekeye's actions further harmed Cisco because it lost confidential information when Adekeye downloaded Cisco software updates from its protected computer system.

3.     <u>Background</u>
Cisco maintains a secure computer network which contains vast amounts of Cisco's proprietary information, technology, and data, including but not limited to information related to Cisco's products, technology, services, and operations. Cisco's network also provides access to Cisco proprietary software, including Cisco's Internetworking Operating System ("IOS") software which Cisco's networking equipment requires to operate. Cisco also maintains a website, <u>cisco.com</u>, that acts as a gateway to not only publicly available information but also to

this same Cisco proprietary information, date, and software. Access through the website is restricted and subject to stringent policies and protocols to protect Cisco's technology and proprietary information. Different levels of access are granted to the public, potential customers, existing customers, partners, and Cisco employees. Cisco employees have the highest level of access. Thus, when searches are performed or when web pages or service tools are accessed, with employee-level credentials, Cisco's proprietary information that is not available to the public is displayed. Likewise, while limited access to cisco.com's software download center may be provided to customers or other authorized users, access to the center using employee-level credentials reveals additional information and materials that are proprietary to Cisco and to which customers are not authorized to view or download.

Cisco assigns its employees unique user IDs and specifies protocols for the creation and use of confidential password s for use when accessing Cisco's secured network. Cisco holds the copyright regulation for IOS and the IOS is issued in multiple versions and releases, each of which was created to add new features, correct bugs, or both.[1]

Adekeye is a Nigerian citizen who claims to also have citizenship from the United Kingdom. He is purportedly currently living in Zurich, Switzerland. According to Cisco, Adekeye, was a Cisco employee until May 6, 2005. The position he held when he left Cisco was Technical Assistance Center ("TAC") engineer. TAC engineers assist Cisco customers with their Cisco products and help them to diagnose, address, and correct hardware, software, and configuration problems that may arise with respect to their Cisco products or networks containing a Cisco product. As a result of his work as a TAC engineer, Adekeye acquired an understanding of Cisco's proprietary information.

On March 2, 2005, while still employed at Cisco, Adekeye incorporated Multiven, Inc. in Delaware. Multiven purports to provide hardware and software service and maintenance work for router and networking systems, including those manufactured and sold by Cisco. Thus, Multiven purports to be in competition with Cisco. At all relevant times, Adekeye has been the Chief Executive Officer (CEO) of Multiven.

4.    Computer Intrusions by Adekeye

According to information received from Cisco, in or around March or April 2005, Adekeye met Cisco employee Kent "Wes" Olson ("Olson"). Further, according to information revealed in Adekeye's declarations signed on January 23, 2010 and March 22, 2010, and filed in connection with a civil lawsuit between Multiven and Cisco, Adekeye stated that he left Cisco to pursue the Multiven enterprise , and asked Olson, around August or September 2005, to provide

---

[1]Due to IOS's software architecture, and unlike typical software "patches" which run over/or are applied to software code, thereby correcting only those lines of code necessary to correct a bug, patches for IOS do not generally exist. Rather to fix a bug, the flash memory on the subject device must be erased and an entirely new version of IOS must be created and loaded onto the networking equipment, replacing the earlier version.

Multiven with an online referral to become a Cisco partner on cisco.com. According to statements made by Olson in his March 1, 2010 deposition and from Olson's declarations signed on December 18, 2009 and March 29, 2010, Olson agreed to make the referral but told Adekeye that he could not locate any place on Cisco's network where he could provide such a referral. At that point, Adekeye became irritated and asked Olson for his Cisco user ID and password to cisco.com so that Adekeye could write his own referral for Multiven. According to the declarations and Olson's deposition, both Adekeye and Olson knew it was a violation of Cisco policies for Olson to permit Adekeye to use his credentials to access cisco.com, a fact Adekeye has not denied in his declarations. Based on Adekeye's request to use the credentials for a very limited and seemingly innocuous purpose, Olson complied with the request and provided his user ID and password.

The forensic evidence, however, shows that Adekeye and/or someone else working at his direction used Olson's user ID and password over the course of the following nearly two-year period (September 2, 2005 through July 20, 2007) on well over 100 documented occasions to access Cisco's proprietary network without authorization. Each of these intrusions took place through the website. During the course of these intrusion, the intruder viewed well over one thousand restricted web pages, searched for over forty proprietary bug identification codes, accessed Cisco's software download center thirty-nine times, and downloaded at least five different full versions of Cisco's IOS. The software images downloaded by Adekeye are all subject to federal copyright registrations held by Cisco and are valued at over $14,000 in total.

Computer records maintained by Cisco show that during the course of these intrusions, the intruder originating from IP addresses controlled or linked to Adekeye, changed the password for Olson's external account four times. It was during one of these password changes that ultimately alerted Olson to the possibility of unauthorized activity using his log-in credentials. According to Olson's declarations and deposition, upon being notified of the changes, Olson himself changed the external password. No further intrusions into Cisco's proprietary network through the use of Olson's credentials were thereafter recorded by Cisco.

5.   Identifying IP addresses with specific intrusions

Each of the intrusions into Cisco's computer network and specifically, the downloads of Cisco's proprietary software, can be tied to Adekeye or his business, Multiven, through the IP addresses from which each intrusion originated. The unauthorized intrusions, and the resulting access to and downloading of Cisco's proprietary materials, have been traced and documented to have originated from **seven** separate IP addresses.

A.   The "113 address"

Sixty of the over ninety intrusions originated between September 2005 and October 2006 from an external, non-Cisco, computer whose IP address was 67.161.47.113 ("113 address"). The following evidence gathered through Cisco's internal investigation conclusively ties the 113 address to Adekeye:

3

(1) Adekeye admits that the 113 address is his home, according to the declarations signed by Adekeye and filed in the civil lawsuit.

(2) During the last month that Adekeye was employed with Cisco, he accessed Cisco's website from the 113 address using his employee user ID, *padekeye,* and password, as show in the computer logs maintained by Cisco.

(3) After Adekeye left Cisco on May 6, 2005, he briefly continued to use his employee user ID and password to access non-restricted portions of Cisco's website. These incidents, occurring on May 10, May 25, and June 7, 2005, all originated from the 113 address according to the computer logs maintained by Cisco.

(4) Adekeye continued to use the 113 address nearly a year after leaving Cisco, sending at least three e-mails from the 113 address to Cisco employees (between March 1, 2006 and March 6, 2006) bearing his new title and address at Multiven. It read: "Peter Alfred Adekeye, CEO, Multiven Inc., 1855 Sand Hill Road, Suite 25, Palo Alto Ca, 94303" according to the computer records maintained by Cisco.

One of these intrusions resulted in the download of Cisco IOS Version 12.0.32S3. During the other intrusions from the IP address Cisco's software download center, TAC, Bug Toolkit, and service requests tools were accessed repeatedly.

      B.    The "170 address"

Ten intrusions originated from 69.181.72.170 ("170 address"). The 170 address is linked to Adekeye through either an associate of Adekeye or through Adekeye's use of a pseudonym, "Olu Phillips." The name "Olu Phillips" is tied to Adekeye and the 170 address as follows:

(1) Adekeye admits creating the Cisco user ID *oluphillips*, according to his declarations filed in the civil lawsuit.

(2) The account was created on August 7, 2006 from the 113 address, which Adekeye admits was his home at the time, according to Adekeye's declarations.

(3) "Olu Phillips" then proceeded to access the guest account from a couple of IP addresses over the course of the two-year intrusion period, according to Cisco computer records. One of those IP addresses was the 170 address.

(4) The user profile created for the account lists Adekeye's cell phone number as a contact number, according to Cisco's computer records.

(5) On a separate occasion, this "Olu Phillips" generated a service request through the TAC. When Cisco TAC engineers called the numbers on the account, which was Adekeye's cell phone number, a man identifying himself as "Peter" answered the phone and claimed to be Phillips' boss, based upon the information provided by Cisco.

Intrusions from the 170 address resulted in four separate downloads of Cisco's IOS, Versions 12.4.12, 12.4.3a, 12.4.9T, and 12.4.9T2. The remaining intrusions involved access to Cisco's software download center, Bug Toolkit, and the viewing of other restricted web pages.

      C.    The "230 address"

Sixteen intrusions originated from 75.57.244.230. This IP address is registered to Internet

Service Provider AT&T.  Responses to federal grand jury subpoenas served on AT&T for records, shows that from 2/14/07-11/29/07 IP address range of 75.57.244.225 through 75.57.244.231 (which includes 75.244.225.230) was statically assigned to Multiven, Inc. at 3430 W. Bayshore Rd Suite 201, Palo Alto, CA 94303, Adekeye's company. During the course of these intrusions, Cisco's software download center, Bug Toolkit, service request tools, and other proprietary materials were repeatedly accessed.

       D.    The "78 address"

Two intrusions originated from 171.66.212.78 ("78 address"). The 78 address is registered to Stanford University but can be tied to Adekeye through the details of the intrusions themselves and contemporaneous access to cisco.com's public site from the same IP address.

(1) The username *oluphillips* and *peter0007* have been used to access public portions of cisco's website from the 78 address, according to Cisco's records.

(2) Adekeye admits creating the Cisco user Ids *oluphillips* and *peter0007* in his signed declarations.

(3) The user profile for *peter00007* lists "Peter Adekeye" as the name associated with the account, lists Multiven as the "Company" associated with the account, and gives as contact address Multiven's Redwood City office address (1700 Seaport Blvd.), according to Cisco's records.

(4) The *peter00007* user profile was created from the 78 address, according to the logs maintained by Cisco.

During the intrusions, the intruder viewed three RMAs[2] on Cisco's restricted site, all of which relate to a known Multiven customer, Telepacific. One of these RMA, No. 81679620, contains correspondence with a kim@multiven.com.

       E.    Other addresses

Five intrusions originated from a block of IP addresses (66.93.170.113, -.114, and -.117). At the time of the intrusions, all three of these addresses were registered to the Internet Service Provider Speakeasy.  Speakeasy's response to the grand jury subpoenas revealed that from March 8, 2007 through October 17, 2007, all three IP addresses were assigned to a service address of 3430 W. Bayshore Road, Suite 201, Palo Alto, California 94303, under the customer name of "Petere Alfred - Multiven."  The account used a billing e-mail address of peter@multiven.com. These intrusions resulted in unauthorized access to Cisco's software download center, Bug Toolkit, and TAC.

---

[2]"RMA" stands for Return Merchandise Authorization. Before a customer can return Cisco hardware it has purchased, it must obtain from Cisco an RMA number for tracking purposes. Once an RMA number has been assigned to a return, a customer can track the status of the return as well as other information relating to it by using the RMA number.

6.    Chart of Intrusions Using Olson's Log-In Credentials By Adekeye Using the Wes Olson Log-In Credentials

| Count | IP Address | Date | Time of Unauthorized Access |
|---|---|---|---|
| 1 | 66.93.170.113 | 02-May-2007 | 13:22:46 (PST) |
| 2 | 66.93.170.114 | 27-Mar-2007 | 17:46:49 (PST) |
| 3 | 66.93.170.117 | 26-April-2007 | 11:50:04 (PST) |
| 4 | 66.93.170.117 | 15-Jun-2007 | 10:20:32 (PST) |
| 5 | 66.93.170.117 | 18-Jul-2007 | 15:47:32 (PST) |
| 6 | 69.181.72.170 | 08-Dec-2006 | 13:55:42 (PST) |
| 7 | 69.181.72.170 | 08-Dec-2006 | 14:50:31 (PST) |
| 8 | 69.181.72.170 | 12-Dec-2006 | 08:32:13 (PST) |
| 9 | 69.181.72.170 | 12-Dec-2006 | 08:43:58 (PST)<br>**Downloaded**:<br>Cisco IOS Version 12.4.12 |
| 10 | 69.181.72.170 | 12-Dec-2006 | 08:48:15 (PST)<br>**Downloaded**:<br>Cisco IOS Version 12.4.3a |
| 11 | 69.181.72.170 | 12-Dec-2006 | 08:54:38 (PST)<br>**Downloaded**:<br>Cisco IOS Version 12.4.9T |
| 12 | 69.181.72.170 | 12-Dec-2006 | 08:56:59 (PST)<br>**Downloaded**:<br>Cisco IOS Version 12.4.9T2 |

6

| 13 | 69.181.72.170 | 15-Dec-2006 | 09:53:50 (PST) |
|----|---------------|-------------|----------------|
| 14 | 69.181.72.170 | 4-Feb-2007 | 22:55:33 (PST) |
| 15 | 69.181.72.170 | 4-Feb-2007 | 23:39:53 (PST) |
| 16 | 69.181.72.170 | 22-Feb-2007 | 00:03:51 (PST) |
| 17 | 69.181.72.170 | 22-Feb-2007 | 01:05:07 (PST) |
| 18 | 69.181.72.170 | 24-Mar-2007 | 22:16:15 (PST) |
| 19 | 69.181.72.170 | 01-Apr-2007 | 20:14:55 (PST) |
| 20 | 67.161.47.113 | 02-Sep-2005 | 17:43:40 (PST) |
| 21 | 67.161.47.113 | 06-Sep-2005 | 18:58:14 (PST) |
| 22 | 67.161.47.113 | 07-Sep-2005 | 13:38:25 (PST) |
| 23 | 67.161.47.113 | 21-Sep-2005 | 22:04:28 (PST) |
| 24 | 67.161.47.113 | 26-Sep-2005 | 22:07:53 (PST) |
| 25 | 67.161.47.113 | 27-Sep-2005 | 00:20:21 (PST) |
| 26 | 67.161.47.113 | 05-Oct-2005 | 01:03:10 (PST) |
| 27 | 67.161.47.113 | 13-Oct-2005 | 20:00:59 (PST) |
| 28 | 67.161.47.113 | 27-Oct-2005 | 23:49:35 (PST) |
| 29 | 67.161.47.113 | 28-Oct-2005 | 00:42:17 (PST) |
| 30 | 67.161.47.113 | 03-Nov-2005 | 13:26:15 (PST) |
| 31 | 67.161.47.113 | 07-Nov-2005 | 01:20:40 (PST) |
| 32 | 67.161.47.113 | 10-Nov-2005 | 11:49:15 (PST) |
| 33 | 67.161.47.113 | 15-Nov-2005 | 11:23:18 (PST) |

| 34 | 67.161.47.113 | 15-Nov-2005 | 20:00:02 (PST) |
| 35 | 67.161.47.113 | 02-Dec-2005 | 20:27:33 (PST) |
| 36 | 67.161.47.113 | 07-Dec-2005 | 15:06:27 (PST) |
| 37 | 67.161.47.113 | 07-Dec-2005 | 15:56:18 (PST) |
| 38 | 67.161.47.113 | 11-Dec-2005 | 14:40:47 (PST) |
| 39 | 67.161.47.113 | 11-Dec-2005 | 20:27:04 (PST) |
| 40 | 67.161.47.113 | 10-Jan-2006 | 16:41:31 (PST) |
| 41 | 67.161.47.113 | 10-Jan-2006 | 18:51:57 (PST) |
| 42 | 67.161.47.113 | 11-Jan-2006 | 23:50:50 (PST) |
| 43 | 67.161.47.113 | 07-Feb-2006 | 18:52:58 (PST) |
| 44 | 67.161.47.113 | 09-Feb-2006 | 19:54:46 (PST) |
| 45 | 67.161.47.113 | 15-Feb-2006 | 16:08:05 (PST) |
| 46 | 67.161.47.113 | 10-Mar-2006 | 17:56:39 (PST) |
| 47 | 67.161.47.113 | 15-Mar-2006 | 16:26:18 (PST) |
| 48 | 67.161.47.113 | 15-Mar-2006 | 16:37:06 (PST) |
| 49 | 67.161.47.113 | 6-Apr-2006 | 14:29:06 (PST) |
| 50 | 67.161.47.113 | 11-May-2006 | 21:52:17 (PST) |
| 51 | 67.161.47.113 | 11-May-2006 | 21:53:16 (PST) |
| 52 | 67.161.47.113 | 11-May-2006 | 21:53:37 (PST) |
| 53 | 67.161.47.113 | 22-May-2006 | 15:24:10 (PST) |

| 54 | 67.161.47.113 | 22-May-2006 | 15:24:37 (PST) |
|----|---------------|-------------|----------------|
| 55 | 67.161.47.113 | 08-Jun-2006 | 20:21:10 (PST) |
| 56 | 67.161.47.113 | 23-Jun-2006 | 12:26:43 (PST) |
| 57 | 67.161.47.113 | 01-Aug-2006 | 15:48:02 (PST) |
| 58 | 67.161.47.113 | 07-Aug-2006 | 09:25:35 (PST) |
| 59 | 67.161.47.113 | 07-Aug-2006 | 10:31:24 (PST) |
| 60 | 67.161.47.113 | 07-Aug-2006 | 13:32:47 (PST) |
| 61 | 67.161.47.113 | 07-Aug-2006 | 14:52:18 (PST) |
| 62 | 67.161.47.113 | 07-Aug-2006 | 16:02:37 (PST) |
| 63 | 67.161.47.113 | 08-Aug-2006 | 10:01:35 (PST) |
| 64 | 67.161.47.113 | 08-Aug-2006 | 11:01:13 (PST) |
| 65 | 67.161.47.113 | 17-Aug-2006 | 11:23:23 (PST) |
| 66 | 67.161.47.113 | 17-Aug-2006 | 15:18:03 (PST) |
| 67 | 67.161.47.113 | 17-Aug-2006 | 15:21:16 (PST) |
| 68 | 67.161.47.113 | 17-Aug-2006 | 15:27:12 (PST) <br> **Downloaded**: <br> Cisco IOS Version 12.0.32S3 |
| 69 | 67.161.47.113 | 17-Aug-2006 | 19:50:27 (PST) |
| 70 | 67.161.47.113 | 17-Aug-2006 | 21:34:32 (PST) |
| 71 | 67.161.47.113 | 18-Aug-2006 | 19:11:45 (PST) |
| 72 | 67.161.47.113 | 19-Aug-2006 | 17:26:57 (PST) |

9

| 73 | 67.161.47.113 | 22-Aug-2006 | 10:11:29 (PST) |
|----|---------------|-------------|----------------|
| 74 | 67.161.47.113 | 06-Sep-2006 | 10:48:04 (PST) |
| 75 | 67.161.47.113 | 06-Sep-2006 | 12:32:50 (PST) |
| 76 | 67.161.47.113 | 03-Oct-2006 | 12:09:43 (PST) |
| 77 | 67.161.47.113 | 11-Oct-2006 | 18:36:10 (PST) |
| 78 | 67.161.47.113 | 11-Oct-2006 | 18:41:07 (PST) |
| 79 | 67.161.47.113 | 11-Oct-2006 | 19:32:12 (PST) |
| 80 | 171.66.212.78 | 21-Mar-2007 | 21:56:00 (PST) |
| 81 | 171.66.212.78 | 27-Mar-2007 | 01:14:22 (PST) |
| 82 | 75.57.244.230 | 14-Feb-2007 | 13:13:10 (PST) |
| 83 | 75.57.244.230 | 26-Feb-2007 | 12:26:12 (PST) |
| 84 | 75.57.244.230 | 26-Feb-2007 | 14:04:30 (PST) |
| 85 | 75.57.244.230 | 26-Feb-2007 | 15:57:41 (PST) |
| 86 | 75.57.244.230 | 26-Feb-2007 | 17:06:40 (PST) |
| 87 | 75.57.244.230 | 27-Feb-2007 | 11:08:56 (PST) |
| 88 | 75.57.244.230 | 27-Feb-2007 | 12:09:50 (PST) |
| 89 | 75.57.244.230 | 27-Feb-2007 | 14:18:19 (PST) |
| 90 | 75.57.244.230 | 27-Feb-2007 | 15:15:31 (PST) |
| 91 | 75.57.244.230 | 13-Mar-2007 | 19:24:22 (PST) |
| 92 | 75.57.244.230 | 15-Mar-2007 | 17:18:52 (PST) |

10

| 93 | 75.57.244.230 | 19-Mar-2007 | 18:47:02 (PST) |
|----|---------------|-------------|----------------|
| 94 | 75.57.244.230 | 02-May-2007 | 13:35:08 (PST) |
| 95 | 75.57.244.230 | 02-May-2007 | 16:54:39 (PST) |
| 96 | 75.57.244.230 | 03-Jul-2007 | 16:42:42 (PST) |
| 97 | 75.57.244.230 | 20-Jul-2007 | 14:59:58 (PST) |

7.  Adekeye's access was unauthorized or in excess of authorization

Adekeye's employment at Cisco ended on May 6, 2005. Upon termination of employment, Cisco personnel are no longer authorized to access any Cisco proprietary or otherwise confidential materials. Further, although Olson provided his login credentials to Adekeye, in violation of Cisco policies, Olson never authorized, nor had the power to authorize, Adekeye to use his login credentials to access any restricted materials on Cisco's network.

In *United States v. Nosal*, No. C 08-0237 MHP, 2010 U.S. Dist. LEXIS 24359, at 23-26 (N.D.C.A. 2010), it was alleged that a current employee entered her username and password and then turned the computer over to the defendant/former employee to use. Under such facts, the court held that the former employee's use of the current employee's credentials, with the current employee's permission, was without authorization under the CFAA. Here, Adekeye admits to using Olson's credentials himself.

Adekeye reaffirmed his understanding that he was no longer authorized to access or use Cisco confidential information when he signed the Settlement Agreement memorializing his termination. And being a former Cisco employee, Adekeye was well aware that Olson was violating Cisco's policies by sharing his password with him. Additionally, during the intrusions, on-screen warnings, cisco.com's published terms of use, and End-User License Agreements (EULAs) that Adekeye would have had to click through when initiating a download, would all have alerted Adekeye that he was accessing restricted employee-only materials and information.

8.  Computers that host and serve cisco.com website are "protected computers" within the meaning of the statute

The cisco.com website is connected to the Internet, which is an instrumentality of interstate commerce, and they serve valuable commercial functions in interstate commerce and communications, by providing information, tools, and software for Cisco partners and customers worldwide.

9.  Adekeye committed this unauthorized access with intent to defraud

By using the credentials of a current Cisco employee, Adekeye deceived Cisco into

11

providing him access to software and restricted employee-only information. The materials acquired through this deception would be useful to anyone seeking to compete with Cisco in the market for service of Cisco equipment. James Light, the former Vice President of Sales for Multiven, has described Adekeye's intrusions and the acquisition of Cisco's proprietary information and software as part of a scheme to defraud Cisco and its customers and to support Adekeye's competing business through the theft of intellectual property.

Adekeye's unauthorized access involved fraud on two levels. First, he fraudulently misrepresented himself as Olson, through the use of the latter's login credentials, to gain access to Cisco's proprietary materials. Second, the series of intrusions was designed to acquire Cisco's equipment. The software he downloaded through his unauthorized access has a value of thousands of dollars. Moreover, the downloaded software and accessed information is useful to Adekeye's purported business plan to attract Cisco's service customers to his own business.

10.   Loss Amounts

In the ordinary course of Cisco's business, Cisco maintains global price lists, both historical and current, for its products. Cisco operating software that was the subject to unauthorized downloads is valued at over $14,000. In addition, Cisco was forced to expend significant resources researching the intrusions. The Ninth Circuit in *United States v. Middleton*, 231 F.3d 1207, 1214 (9th Cir. 2000), recognized that the wages paid to salaried employees are proper components to "loss" under the CFAA for such investigations and remediation due to intrusions. For example, the several members of Cisco's Global Business Controls Group have spent considerable time and resources investigating these intrusions and restoring the security and integrity of Cisco's proprietary systems. Based on the value of their time, this investigation has cost Cisco no less than $75,000.

//

//

//

//

//

//

//

//

//

12

11.    On the basis of the above information, there is probable cause to believe that PETER ALFRED ADEKEYE, using the long-in credentials of Kent "Wes" Olson, intentionally accessed the protected computer network belonging to and operated by Cisco on multiple occasions, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i), and therefore respectfully request a warrant be issued for his arrest.

I declare under penalty of perjury that the above facts are true and correct to the best of my knowledge and belief.

Dated: May 19, 2010

KATHERINE PIERCE, Special Agent (Affiant)
United States Secret Service

Subscribed and sworn to before me
this 19 day of May , 2010.

HOWARD R. LLOYD
United States Magistrate Judge
Northern District of California

Reviewed by:

RICHARD C. CHENG
Assistant United States Attorney

13